UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOR POPOV,<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL DETENTION FACILITY; CURRENT OR ACTING FIELD OFFICE DIRECTOR, San Diego Field Office, United States Immigration and Customs Enforcement; CURRENT OR ACTING FIELD OFFICE DIRECTOR, United States Immigration and Customs Enforcement; CURRENT OR ACTING SECRETARY, Unites States Department of Homeland Security; and CURRENT OR ACTING UNITED STATES ATTORNEY GENERAL,<br><br>                    Respondents. | Case No.: 26-cv-1174-JES-BLM<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 2]** |

Before the Court is Petitioner Igor Popov's ("Petitioner") motion to appoint counsel. ECF No. 2. After due consideration and for the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** the motion to appoint counsel.

## I.   PROCEDURAL BACKGROUND

On February 23, 2026, Petitioner filed a petition for writ of habeas corpus challenging his immigration detention as unduly prolonged. *See generally* ECF No. 1. The Petition contains a description of the facts of Petitioner's immigration custody and the legal basis he states for relief. *Id*. On February 23, 2026, Plaintiff also filed a motion to appoint counsel. ECF No. 2.

## II.   LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't Soc. Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). While 28 U.S.C. section 1915(e)(1) gives district courts discretion to "request" that an attorney represent indigent civil litigants, it may only be exercised upon a showing of "exceptional circumstances." *Agyeman v. Carr Corp. Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Courts must review both factors before deciding whether to appoint counsel, and neither factor is individually dispositive. *Id*. Plaintiff bears the burden of showing that exceptional circumstances exist. *See Palmer*, 560 F.3d at 970.

## III.   DISCUSSION

The Petition states a description of the present stage of Petitioner's ongoing asylum claim, his prior immigration and criminal legal cases, his current detention and its conditions, and the legal bases he alleges warrant release or a bond hearing in his case. *See generally* ECF No. 1. Petitioner appears able to adequately represent and litigate his claims for relief. While it is too early for the Court to determine Plaintiff's likelihood of success on the merits, he fails to establish the requisite "exceptional circumstances" that would

26-cv-1174-JES-BLM

warrant appointment of counsel. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request for appointment of counsel.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES WITHOUT PREJUDICE** the motion to appoint counsel.

**IT IS SO ORDERED.**

Dated: March 2, 2026

Honorable James E. Simmons Jr.
United States District Judge

3

26-cv-1174-JES-BLM